FILED
SUPERIOR COURT
OF GUAM

2014 AUG 19 PM 3: 01

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

PORT AUTHORITY OF GUAM,

                Petitioner,

       v.

CIVIL SERVICE COMMISSION,

                Respondent,

and EDDIE CASTRO,

                Real Party in Interest.

SPECIAL PROCEEDINGS CASE NO.
SP 0172-13

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 13th day of August, 2014, for oral argument on the Real Party in Interest Eddie Castro's Supplemental Briefing for Response to for Alternative Writ of Prohibition and Memorandum of Points and Authorities in Support of the Dismissal of the Writ. Attorney Michael F. Phillips represented the Petitioner Port Authority of Guam, Attorney Vanessa Williams Ji represented the Respondent Civil Service Commission, and Attorney William Benjamin Pole represented the Real Party in Interest Eddie Castro. For the reasons set forth below, the Petitioner's Petition for Writ of Prohibition and Petition for Alternative Writ of Prohibition are DENIED.

## BACKGROUND

Until April 5, 2013, the Real Party in Interest Eddie Castro ("Mr. Castro") was a police supervisor working for the Port Authority of Guam ("the Port Authority"). He was issued a Final Notice of Adverse Action for his dismissal, on the alleged bases of falsifying official records, insubordination, unauthorized absence, and failure to perform official duties. He filed an appeal with the Civil Service Commission ("the Commission") on April 13, 2013. The Commission set the appeal for a merits hearing to be held on January 16, 21, and 23, 2014.

On November 21, 2013, the Port Authority filed a motion to dismiss the appeal with the Commission, arguing that under 4 GCA § 4403(d), the fact that more than 180 days had elapsed since the filing of the appeal terminated the Commission's jurisdiction. On December 6, 2013, the Commission informed the Port Authority that the jurisdictional motion to dismiss would be held on December 19, 2013, ahead of the merits hearing. On December 11, 2013, the Port Authority filed a Petition for Writ of Prohibition and an Alternate Petition for Writ of Prohibition, with accompanying memoranda and a declaration.

Mr. Castro filed a response on June 6, 2014 requesting denial of the writ and attorney's fees and costs. At a scheduling conference on June 27, Mr. Castro, by and through counsel, requested leave to file a supplemental brief. Leave was granted, and the supplemental brief was filed on June 30, 2014. A hearing was set for July 30, but it was reset to August 13 because of the Judiciary's closure due to a tropical storm. At the hearing on August 13, the Court took the matter under advisement on the briefings.

## DISCUSSION

The Civil Service Commission is constituted by 4 GCA Ch. 4, Personnel Policy and the Civil Service Commission. 4 GCA §§ 4101-4708 (2005). § 4403(d) sets forth certain duties of the Commission, and provides in relevant part that, "All actions taken by the Commission

pursuant to this Section shall be taken within one hundred eighty (180) calendar days after the personnel action or complaint is filed with the Commission." 4 GCA § 4403(d) (2005). § 4406 sets out the Commission's procedures for adjudicating adverse action appeals. 4 GCA § 4406 (2005). The Port Authority argues that while § 4406 grants Mr. Castro certain statutory due process rights, the Commission may only exercise jurisdiction over his appeal pursuant to § 4403, and the passage of the 180 day limit provided for by § 4403(d) prohibits the Commission from exercising jurisdiction. Pet'r's Mem. for Writ of Prohibition 5-6, Dec. 11, 2013.

Mr. Castro makes multiple arguments against the Port Authority's position. He argues that the time limit in § 4403(d) is a claims-processing rule and not a limitation on the Commission's jurisdiction. Real Party in Interest's Resp. 2-6, Jun. 4, 2014. He argues that the sections of the statute applicable to adverse action appeals are § 4406 and § 4407, not § 4403. Id. at 3. Even if the Commission has exceeded its jurisdiction, he argues that the Port Authority has an adequate remedy at law and has not met the requirements for the issuance of a writ of prohibition. Id. at 6-8. Lastly, even if the Port Authority's statutory and procedural arguments are both correct, Mr. Castro argues that it would be unconstitutional for the Court to issue the writ of prohibition. Real Party in Interest's Supplemental Br. 1-2, Jun. 30, 2014.

In furtherance of the constitutional argument, Mr. Castro directs the Court's attention to a case decided by the United States Supreme Court, Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). In Logan, the complainant brought a charge of unlawful discrimination before the Illinois Fair Employment Practices Commission, pursuant to the Illinois Fair Employment Practices Act. Logan v. Zimmerman Brush Co., 455 U.S. 422, 424 (1982). The Commission was obligated by the statute to hold a fact-finding conference within 120 days of the filing of the charge, but it scheduled the conference to take place five days after the applicable deadline.

Logan, 455 U.S. at 426. The Illinois Supreme Court, reasoning from its own precedents and the state legislature's acquiescence in them, ruled that upon lapse of the time limit the Commission's jurisdiction was extinguished. Id. at 427. The Illinois Supreme Court said that the Commission's error did not violate Logan's constitutional rights to due process or equal protection, because as the state legislature had created the right to redress for discriminatory employment practices, so could it establish reasonable procedures for the vindication of that right. Id. at 427-28.

The United States Supreme Court reversed the Illinois Supreme Court. The opinion reiterated that a cause of action, including one established by a state statute, is a property right that cannot be extinguished without due process. Id. at 428. It defined property as "an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" Id. at 430 (citing Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 11-12 (1978)). If those characteristics were present, the types of interests protected as property for due process purposes were widely varied and often intangible, and included, among other things, public employment. Logan, 455 U.S. at 430-31 (citing Connell v. Higginbotham, 403 U.S. 207 (1971)). Even though the state legislature had created the property interest in question, that legislature could not constitutionally authorize the deprivation of that interest without due process, because "the adequacy of statutory procedures for deprivation of a statutorily created property interest must be analyzed in constitutional terms." Logan, 455 U.S. at 432 (quoting Vitek v. Jones, 445 U.S. 480, 490-91 n. 6 (1980)). The U.S. Supreme Court distinguished between substantive limitations on the nature or extent of the right, such as an immunity defense, with procedural limitations on a claimant's ability to assert the right, such as the deadline to hold the fact-finding conference. See Logan, 455 U.S. at 432-33.

Having established that due process was required for the extinguishment of Logan's discrimination claim, the U.S. Supreme Court then analyzed what sort of process Illinois was required to provide. See id. at 433. Its prior case law had established that at the very least *"some sort of hearing"* must be provided before a protected property interest could be terminated. Id. at 433 (quoting Board of Regents v. Roth, 408 U.S. 564, 570-71 n. 8 (1972)) (emphasis original). The timing and nature of the hearing depended on the appropriate accommodation of the competing interests involved. Logan, 455 U.S. at 434. It concluded only a hearing before the Commission that took place prior to the deprivation of the property interest would provide the requisite process, as only that would meet the Fourteenth Amendment's requirement of a meaningful hearing that was appropriate to the nature of the case. Id. at 437.

The facts of the present dispute are closely analogous to those of Logan. Mr. Castro's right to appeal the adverse action against him, and more broadly his right not to lose his public employment without cause, is a substantive right provided by a Guam statute. See 4 GCA §§ 4101-4708 (2005). An interest in public employment is a property interest for the purpose of applying the due process clause of the Fourteenth Amendment. Connell v. Higginbotham, 403 U.S. 207, 208-09 (1971) (proscribing summary dismissal from public employment without any hearing or inquiry). As was the case in Logan, the record does not provide any indication that Mr. Castro caused the hearing to be scheduled to take place more than 180 days after the filing of the appeal. Compare Logan, 455 U.S. at 426. Even accepting the Port Authority's argument that the 180 day limitation in § 4403(d) applies to adverse action appeals, and that it constitutes a jurisdictional bar to the Civil Service Commission hearing the complaint, a statutory requirement that the Commission hold a hearing within a certain amount of time is "a

procedural limitation on the claimant's ability to assert his rights, not a substantive element" of those rights. Compare Logan, 455 U.S. at 433.

The Port Authority requests that this Court issue a writ of prohibition ordering the Civil Service Commission to cease exercising jurisdiction over Mr. Castro's adverse action appeal, arguing that the passage of a statutory time limit terminates the Commission's jurisdiction. Petr's Pet. for Writ of Prohibition 4-7, Dec. 11, 2013; 4 GCA § 4403(d) (2005). Applying Logan v. Zimmerman Brush Co., this Court may not grant the petition and issue the requested writ of prohibition because that would unconstitutionally deprive Mr. Castro of a property interest without due process of law.

Because the constitutional issue is dispositive, the questions of statutory interpretation and writ procedure are moot.

Mr. Castro also prays for reasonable attorney's fees and costs needed to defend against this writ petition, and cites 7 GCA § 26603 as authority. Real Party in Interest's Resp. 8, Jun. 4, 2014. That statute provides for costs and reasonable attorney's fees as a matter of course for an employee of the government of Guam upon a judgment, "in which the court or jury funds [sic] that the employee has been deprived of his or her rights as an employee of the government of Guam." 7 GCA § 26603 (2005). The statute cross-references 4 GCA § 4406.1, an analogous provision providing for fees and costs incurred in adverse action appeals before the Civil Service Commission if the public employee receives a favorable decision from the Commission or if the adverse action is withdrawn. 7 GCA § 26603 Cross-References (2005); 4 GCA § 4406.1 (2005).

The Court interprets the word "funds" in § 26603 as a typographical error where "finds" was fairly and reasonably intended. See Guam Resorts, Inc. v. G.C. Corp., 2012 Guam 13 ¶ 7

(stating that if the plain text of a statute results in an absurdity, a fair and reasonable construction of the statute is to be applied). Thus the award of fees and costs provided for by § 26603 first requires a judge or jury to find that the employee's rights have been violated, and then for the court to issue a judgment reflecting that finding of fact. See 7 GCA § 26603 (2005).

The case is currently before the Court as a special proceeding wherein the Port Authority petitions for a writ of prohibition that would order the Commission to stop exercising jurisdiction over Mr. Castro's case. As stated above, the Court concludes that it cannot constitutionally issue such a writ. However, there has not yet been fact-finding by a judge or jury to determine whether the Port Authority's adverse action against Mr. Castro accorded with the law. Without a finding on the merits question, an award of attorney's fees and costs under 7 GCA § 26603 is not appropriate.

## CONCLUSION

For the reasons set forth above, the Petitioner's Petition for Writ of Prohibition and Petition for Alternative Writ of Prohibition are DENIED. No order for fees and costs is made.

**IT IS SO ORDERED** this day of AUG 1 9 2014 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of: *M. Phillip, V. Dy;
W. Pole; DMR*
Date: *8/19/14* Time: *3:10 p*
Deputy Clerk, Superior Court of Guam